FILED
·SUPERIOR COURT
OF GUAM

2014 AUG 18 PM 2: 30

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT
## OF GUAM

CHAMORRO EQUITIES, INC., )
                    )
    Plaintiff, )
                    )
    vs. )
                    )
VIVIAN McCURDY, LISA ULLOA and )
FREDERICK ULLOA, )
                    )
    Defendants, )
                    )
_____ )
                    )
VIVIAN McCURDY, WALTER D. )
ULLOA, JUDITH E. OLIVER, and LISA )
ULLOA, )
                    )
    Counterclaim Plaintiffs, )
    vs. )
                    )
CHAMORRO EQUITES, INC., ROBERT V. )
ULLOA, GERALD D. HARTWICK, )
KENNETH E. THOMPSON, PRISCILLA U. )
HARTWICK, SHEILA M. MANALOTO, )
and DOES 2-10, )
    Counterclaim Defendants. )

Civil Case no. CV0408-13

**DECISION AND ORDER**

## INTRODUCTION

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Plaintiff's Motion for Partial Summary Judgment was taken under advisement by the Honorable Judge Michael J. Bordallo on June 16, 2014. Plaintiff was represented by attorney Mitchell F. Thompson. Defendants were represented by attorney Carlos L. Taitano. After considering the

ORIGINAL

matters presented, the Court now issues the following decision and order DENYING Plaintiff's motion for partial summary judgment.

## BACKGROUND

This case arises out of a March 29, 2013 complaint for the cancellation and collection of several improper loan agreements made between Plaintiff and Defendants. The complaint seeks to void the loans and recover the amounts of the loans.

On April 9, 2014, Plaintiff filed a motion for partial summary judgment. Mot. at 1. In support of its request Plaintiff argues and asserts that there is no disputed genuine issue of material fact that Defendants breached their fiduciary duties to Plaintiff. *Id.* 4. It asserts that Defendants, through a series of loans, diverted over $236,000.01 of Plaintiff's corporate assets to Defendant Vivian and that these were done in bad faith and for purposes of personal gain. *Id.* at 5-6. Plaintiff argues that because Defendants acted together, they are each liable for their individual breach of fiduciary duty and jointly and severally liable to the corporation for all loan amounts diverted to Defendant Vivian. *Id.* at 7.

Defendants filed their opposition on May 6, 2014. In it, Defendants first argue that their actions complied with Plaintiff's articles of incorporation; these expressly providing for the power to lend money for the purpose of providing uninterrupted income to the first generation, Vivian. Opp. at 3. They argue and assert that the loans were necessary because Vivian's monthly cash distributions had stopped and left her unable to meet her monthly obligations. *Id.* at 4. Defendants assert that the terms of the loans and their purposes were discussed and approved by the Plaintiff's board of directors. *Id.* at 7.

Importantly, Defendants argue and assert that absent fraud, corporate and director/officer actions which might otherwise be considered self-dealing or constitute a conflict of interest are specifically allowed under Article 6.7 of Plaintiff's articles of

incorporation. *Id.* at 8-10. They further argue and assert that fraud has not been plead or alleged. *Id.*

Second, Defendants argue that the terms of the loans were reasonable and fair. Defendants argue that outside of Plaintiff's arguments there is no factual evidence of breach, default or amendment to the loan agreements. *Id.* at 12. They dispute Plaintiff's assertion of diversion of funds and as to Plaintiff's contention that the loans were unsecured, cite to Plaintiff's article of incorporation 3.3.1, which allows unsecured loans. As to the contention of an unreasonably low interest rate, Defendants assert Plaintiff has made previous loans to stockholder family members without charging interest. *Id.* at 14. Defendants allege that Plaintiff is currently unreasonably and maliciously withholding their accumulated and monthly cash distributions. *Id.* at 15.

Defendants dispute Plaintiff's argument that the provisions allowing for amendment to the loan agreements and conditioning repayment upon receipt of monthly cash distributions are unfair. As to the latter Defendants cite a U.S. Federal 6th Circuit case where it was held an implied contractual obligation for repayment existed despite a similar clause. *Id.* at 16. Defendants similarly refute Plaintiff's shareholder property ownership contentions as well as Plaintiff's assertions of Defendants' wrongfully profiting from the loans. *Id.* 16-17. Generally they return to reargue and assert that the Counterclaim Defendants are the actual wrongful actors. *Id.* at 17-19.

Plaintiff filed its reply on May 20, 2014. In it they argue and assert that Defendants took loans from it when it was not solvent, requiring it to obtain a loan to remain viable. Reply at 1-6. It argues that this fact renders Defendants' actions against it patently unfair. *Id.* at 3-6. In support of this argument Plaintiff cites to the $46,756.00 in fees it had to pay as well as a 12% interest rate for its necessary, additional $290,000.00 loan. *Id.* at 3. They reason that

regardless of the reasons asserted by Defendants, their decision to take out loans when it lacked funding to operate violated Defendant's duty of loyalty and fair dealing. *Id.* at 5.

**UNDISPUTED FACTS**[12]

For purposes of this motion the Court finds that it is undisputed that:

1. On June 4, 2012, Defendant Vivian executed loan agreements with Plaintiff in an amount totaling $144,728.08;

2. On July 27, 2012, Defendant Lisa executed loan agreements with Plaintiff in an amount totaling $28,856.27;

3. On August 24, 2012, Defendant Frederick executed loan agreements with Plaintiff in an amount totaling $62,415.66;

4. The loan agreements were:

a) for a term of 5 years;

b) repayment was conditioned upon receipt of stockholder cash distributions;

c) allowed for amendment to the terms if no cash distributions were received;

d) provided that the loan agreement would not adversely affect the Defendants right to receive cash distributions;

e) were unsecured; and

f) were set to accrue at an intererest rate of 3%;

5. Between June 4, 2012 through August 24, 2012, Defendants served as Plaintiff's Directors;

6. Between June 4, 2012 through August 24, 2012, Defendants Vivian and Lisa also served as Plaintiff's Officers; and

---

[1] Plaintiff's motion fails to identify any asserted or organized list of undisputed facts. Accordingly the court is unable, to with precision, list the facts which the Parties assert are undisputed or relevant. The list is taken from its review and analysis of the Parties' papers.

7. The above described loan agreements were unanimously consented to by the Plaintiff's then board of directors.

## DISCUSSION

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Iizuka Corp. V. Kawasho International*, (Guam), Inc., 1997 Guam 10 ¶ 7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in a light most favorable to the non-moving party. *Bank of Guam v. Flores*, 2004 Guam 25. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶7.

Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27 ¶ 7. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or

unnecessary facts will not preclude a grant of summary judgment. *Edwards*, 2000 Guam 27 ¶ 7.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-323 (1986) (internal citations omitted). A genuine issue precluding summary judgment exists "if there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *M Electric Corporation v. Phil-Gets (Guam) International Trading Corporation*, 2012 Guam 23 ¶ 11.

In this case Plaintiff asserts that there is no disputed fact that Defendants breached their duty of loyalty and fair dealing to it. Mot. at 4. At the outset Plaintiff fails to address whether this cause of action has been codified or recognized in Guam. *Id.* at 4-6.

In 1983 the Appellate Division of Guam recognized the fiduciary duties directors owe to a corporation. *Dai-Ichi Hotel Overseas Development Co., Ltd. v. Price*, NO. CIV. APPEAL 80-0203A, 1982 WL 33171, at *7. Citing the U.S. 8th Circuit Court, the Appellate Division explained, "knowledge and acquiescence by an officer of a corporation in his or another's dishonest activities in any other capacity to the detriment of a corporation constitutes, as a matter of law, a breach of his fiduciary duty to the corporation." *Id.* Accordingly as applied to this case the elements required to show breach of this duty are: 1) an officer's; 2) knowledge and acquiescence of; 3) dishonest and detrimental behavior. *Id.*

Applying the undisputed facts to this case the Court is not persuaded that they merit the entry of a summary judgment. *M Electric Corporation*, 2012 Guam 23 ¶ 11. A review of the undisputed facts does not demonstrate an absence of disputed material facts as to Defendants'

knowledge and acquiescence of acts which were detrimental to it. *Id.* To the contrary Defendants assert and argue that the disputed loans were, as set forth in Plaintiff's articles of incorporation, both permitted and encouraged, as well as, reasonable and fair. Opp. at 3-4, 8-10 and 12.

While in reply Plaintiff asserts that Defendants' loans were made during a period of insolvency and necessitated its taking a loan at a higher rate, this fact, along with Defendants' awareness of it, as well as the circumstances surrounding its interplay with the corporation's cited by-laws, are not undisputed or immaterial. *Price*, 1982 WL 33171, at *7. Absent Plaintiff first, setting forth or identifying an asserted list of facts, undisputed and material, to its claim of breach of corporate fiduciary duty and second analyzing how those facts merit judgment as a matter of law, the Court is unable to grant its request. *M Electric Corporation*, 2012 Guam 23 ¶ 11.

## CONCLUSION

For the reasons set forth above Plaintiff's motion for summary judgment is DENIED.

SO ORDERED, this ____18th____ day of ____August____ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:
M. Thompson
C. Taitano
Date: 8/18/14 Time: 2:30PM

Deputy Clerk, Superior Court of Guam